UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


TERRY RICHARD WHITEFIELD          ]
    Plaintiff,                ]
                              ]
v.                                ]          No. 3:12-0402
                              ]          Judge Trauger
CORRECT CARE SOLUTIONS, et al.    ]
    Defendants.                ]


# M E M O R A N D U M


The plaintiff, proceeding *pro se*, is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Correct Care Solutions, the medical care provider for prisoners in the custody of the Davidson County Sheriff's Office; the Davidson County Sheriff's Office; and the Metropolitan Government of Nashville and Davidson County; seeking damages.

In April, 2010, the plaintiff was a prisoner in the custody of the Davidson County Sheriff's Office. He slipped and fell in a puddle of water, injuring his knees, lower back, right hip, spine and left shoulder. The plaintiff claims "to this date being denied medical attention for my serious injuries or serious medical needs".

Correct Care Solutions is the employer of those individuals providing medical care to prisoners in the custody of the Davidson County Sheriff's Office. The plaintiff can not sue this defendant

solely because of its status as a supervisor or employer of alleged tortfeasors. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by an employer in an allegedly wrongful act, the complaint fails to state a cause of action against that defendant upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this case, there has been no showing that the plaintiff has been denied medical care pursuant to a policy or decision arising from Correct Care Solutions. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir.1991). Consequently, the plaintiff has failed to state a claim against Correct Care Solutions.

The plaintiff also seeks relief from the Metropolitan Government of Nashville and Davidson County and its agent, the Davidson County Sheriff's Office. A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Davidson County or its agent. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for these defendants to be liable under § 1983, there must be a

direct causal link between an official policy or custom and the alleged constitutional violation. <u>City of Canton v. Harris</u>, 109 S.Ct. 1197 (1989). Here, the plaintiff offers nothing to suggest that he was denied medical care pursuant to a policy or decision of the Metropolitan Government or the Davidson County Sheriff's Office. Accordingly, the plaintiff has failed to state a claim against these defendants as well.

The plaintiff has sued a business entity and two municipal entities alleging the denial of medical care. These entities can only be sued if the plaintiff was denied treatment pursuant to one or more of their policies. The plaintiff made no such allegation. As a consequence, the plaintiff's claims would only be actionable against those specific individuals who were deliberately indifferent to his need for medical care. No individual defendants are being sued by the plaintiff and he, as a plaintiff proceeding in forma pauperis, is not allowed to amend his complaint to include such individuals in order to avoid a *sua sponte* dismissal. <u>Benson v. O'Brian</u>, 179 F.3d 1014, 1016 (6th Cir. 1999).

In the absence of an actionable claim, therefore, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge